MONROE, Judge,
dissenting.
I believe there is a question whether Case was acting within the scope of his employment when, while working the “utility position” for his crew at Mead, he went to pick up dinner for his crew members. In his deposition, Case testified that the person in *585 the utility position “[gave] people breaks, let them maybe eat a bite, go get them a Coke, this, that and the other.... He’s there for whatever needs to be done.” He also said that the person in the utility position normally went to get dinner for the other members of the eight- or nine-man crew, who continued working. As the majority says, there is no doubt that Case was still on the clock and was being paid by Mead when he made the dinner run. I believe that, based on this testimony, there is a genuine issue whether Case was acting within the scope of his employment, and whether Mead received a benefit from Case’s trip, which allowed other crew members to keep working. That issue is to be decided by a jury, and is not the proper subject for summary judgment. Therefore, I believe the trial court erred in entering summary judgment in this case.
I would reverse the judgment of the trial court; therefore, I must respectfully dissent.
ROBERTSON, P.J., concurs.